IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES JONES, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Case No. 3:17-CV-3213-L-BK |
| | § | |
| FEDERAL NATIONAL MORTGAGE | § | |
| ASSOCIATION, et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMEDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Judge's *Order of Referral*, Doc. 5, and 28 U.S.C. § 636(b), this case was referred to the undersigned for pretrial management. The case is now before the Court on Defendant's *Motion to Dismiss*. Doc. 4. For the reasons that follow, the motion should be **GRANTED**.

### A. Procedural History

Plaintiff filed this action in state court seeking to avoid eviction from his foreclosed property at 1519 McArthur Dr., Duncanville, Texas 75137 (the "Property"). He alleges that in 2008, he executed a promissory note ("Note") for the Property with HSBC Mortgage Corporation ("HSBC"), which was secured by a deed of trust ("DOT"). Doc. 1-2 at 4. Plaintiff claims that in August 2016, HSBC approved him for a trial loan modification plan, and he complied with the plan by making the three required payments. Doc. 1-2 at 4. However, when HSBC transferred the loan to Defendant Nationstar Mortgage, LLC ("Nationstar"), Nationstar would not honor the loan modification agreement or send him the permanent modification documents. Doc. 1-2 at 4.

Instead, Nationstar made Plaintiff submit another loan modification package, but never advised Plaintiff of the outcome. Doc. 1-2 at 4-5. Plaintiff alleges that in March 2017, Nationstar wrongfully foreclosed on the Property and sold it to Defendant Federal National Mortgage

Association ("Fannie Mae"), which then sought to evict him. Doc. 1-2 at 5. Plaintiff raises claims against Nationstar for (1) breach of contract; and (2) violation of certain provisions of the Real Estate Settlement Procedures Act ("RESPA") due to Nationstar's failure to notify him of the outcome of his loan modification application. Doc. 1-2 at 7. He seeks to void Fannie Mae's deed, obtain a declaratory judgment in his favor on both of his claims, and damages, attorneys' fees, and costs. Doc. 1-2 at 8-9. Defendants removed the action to this Court, Doc. 1, and filed the instant *Motion to Dismiss*, Doc. 4. They do not seek dismissal of Plaintiff's RESPA claims.[1] Doc. 4 at 2 n.5.

### B. Applicable Law

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true. *Id.* at 572. In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000).

When considering a Rule 12(b)(6) motion, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and

---

[1] Defendants also purport to seek dismissal of a trespass-to-try-title claim and a claim based on section 50 of the Texas Constitution. Doc. 4 at 4-6. However, the Court does not read Plaintiff's complaint to raise such claims, and Plaintiff does not respond to Defendant's arguments about any such alleged deficiencies.

(3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Additionally, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citation and quotation marks omitted).

### C. Parties' Arguments and Analysis

Defendant asserts that Plaintiff's breach of contract claim should be dismissed because: (1) to the extent Plaintiff complains about Nationstar's breach of the agreement he had with HSBC, he cannot recover because Nationstar was not a party to the agreement; and (2) he does not explain what provision of the DOT Nationstar violated. Doc. 4 at 3-4. Furthermore, Defendant argues that because Plaintiff was in default on his payments, his claim fails as a matter of law. Doc. 4 at 4.

Plaintiff responds that (1) Nationstar breached the loan modification agreement he had with HSBC; (2) Nationstar breached the DOT, which gives Plaintiff the right to reinstate the loan, by failing to provide him with that opportunity; and (3) Nationstar's failure to comply with the RESPA's notice requirements constitutes a breach of contract, thereby waiving Nationstar's right to foreclose on the Property. Doc. 8 at 4-6. In the event the Court finds that Plaintiff has failed to state a claim, he seeks leave to amend his complaint. Doc. 8 at 6.

As an initial matter, Defendant is correct that Nationstar cannot be held liable for violating the loan modification agreement between HSBC and Plaintiff. *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 295 (2002) ("It goes without saying that a contract cannot bind a nonparty."). Further, Plaintiff appears to conflate his breach of contract claim with his RESPA claims by suggesting that Nationstar's alleged failure to comply with RESPA violated the DOT. These are two separate issues.

Finally, while Plaintiff asserts that the DOT itself entitled him to reinstate his defaulted loan, he points to no such provision therein, and the Court is unable to locate any such provision that unequivocally bestows that right.

### D. Leave to Amend

A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). Plaintiff has not previously been granted leave to amend his complaint and requests to do so in response to Defendants' dismissal motion. Doc. 8 at 6. Thus, if this recommendation is accepted, Plaintiff should be given the opportunity to so amend with respect to his breach of contract claim. *Cf. Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) (holding that dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified).

### E. Conclusion

For the foregoing reasons, it is recommended that *Defendant's Motion to Dismiss*, Doc. 4, be **GRANTED**. If, however, Plaintiff fails to amend his breach of contract claim to cure the deficiency noted herein within 14 days of the District Judge's Order accepting this recommendation, at the re-urging of Defendant, that claim should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on August 2, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

5